UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY DENNIS ROE,** | ) | |
| Petitioner, | ) | Case No. EDCV 11-814-R(AJW) |
| v. | ) | MEMORANDUM AND ORDER DISMISSING PETITION |
| **JAMES A. YATES, Warden,** | ) | |
| Respondent. | ) | |

Petitioner filed a habeas petition challenging his 2003 conviction of assault. One of petitioner's claims for relief alleged that the trial court's imposition of the upper term and consecutive sentences violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and its progeny. On September 29, 2008, judgment was entered denying petitioner's petition on the merits. On October 2, 2009, the Ninth Circuit denied petitioner's request for a certificate of appealability.

On May 4, 2011, more than two and a half years after judgment was entered denying his petition, petitioner filed a document entitled "Motion for Judicial Review." The motion asserts that the Court's denial of his petition, and in particular, his <u>Apprendi</u> claim, was

erroneous. [Motion at 1-2b].

Despite being labeled a "Motion for Judicial Notice," petitioner's motion is in substance a successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 531-532 (2005) (holding that a motion to vacate pursuant to Fed.R.Civ.P. 60(b) amounts to a successive habeas petition if it "seeks to revisit the federal court's denial on the merits of a claim for relief", and explaining that a motion attacking the federal court's previous resolution of a claim on the merits "is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief").

Pursuant to 28 U.S.C. §2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." As the Supreme Court has explained, when a petitioner asserts a claim that he has already presented in a previous federal habeas petition, "the claim must be dismissed in all cases." Tyler v. Cain, 533 U.S. 656, 661 (2001).

Petitioner's Apprendi claim is the same as the one presented in his first federal petition. Because that claim previously was considered and rejected on the merits, this petition must be dismissed.

Dated: June 6, 2011

_____
Manuel Real
United States District Judge

2